HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL FONTANA,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF FEDERAL WAY, et al.,<br><br>        Defendants. | CASE NO. C11-0998RAJ<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the court on defendant City of Federal Way's motion to dismiss for lack of prosecution. Dkt. # 12. Defendant moves the court for an order dismissing plaintiff's claims pursuant to Rule 41(b), or, in the alternative, pursuant to Rule 56. Having reviewed the memoranda, declarations, and the record herein, the court DENIES in part and GRANTS in part the motion to dismiss.

## II. BACKGROUND

Plaintiff Randall Fontana ("Fontana") filed suit in King County Superior Court against defendant City of Federal Way ("the City") on March 23, 2011. Dkt. # 3 at 32-34 (Complaint). Fontana alleges that he suffered physical and emotional injuries arising from his encounter with Federal Way police officers on March 25, 2008. *Id.* at 33. He alleges claims for violations of 42 U.S.C. § 1983, negligence, assault and battery, and

ORDER – 1

intentional infliction of emotional distress. *Id.* at 33-34. After the City removed the case to federal court, this court set the trial date and other deadlines. Dkt. # 8 at 1. The deadline to add additional parties was October 31, 2011. *Id.* The deadline for discovery is July 23, 2012. Dkt. # 29 at 1.

From approximately September 2011 through December 2011, Fontana did not have a permanent residence, regular access to a computer, or a phone. Dkt. # 22 at ¶¶ 13, 17 (Fontana Decl.). He provided his counsel, Richard A. Cole, with the address of some acquaintances who allowed him to use their address for mailing purposes. *Id.* at ¶ 17. On September 9, 2011, the court granted Cole's motion to withdraw. Dkt. # 9. Fontana later discovered that he did not always receive mail that was sent to this address. Dkt. # 22 at ¶¶ 13, 17 (Fontana Decl.). He claims that he did not receive any mail sent by the City. *Id.* at ¶ 19. Fontana did not respond to the City's discovery requests sent on Nov. 7, 2011, or appear at a deposition on January 11, 2012, the notice for which was sent on December 21, 2011. Dkt. # 13 at ¶¶ 4-6 (Trivett Decl.).

### III. ANALYSIS

#### A. **Rule 41(b)**

A court has discretion to dismiss a plaintiff's claim for failure to prosecute. Fed. R. Civ. P. 41(b). Dismissal is an incredibly severe sanction and should only be imposed in extreme circumstances. *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). In determining whether to dismiss a case for lack of prosecution, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). While all factors should be considered, the key factors are prejudice and availability of lesser sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

ORDER – 2

The third factor—prejudice to the defendant—does not weigh in favor of dismissal. Delay on its own does not establish prejudice. Instead, the court must examine whether the party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). The City may have been inconvenienced by Fontana's failure to comply with discovery, but it has not shown how these delays have substantially hindered its ability to defend this case. The deadline for discovery is July 23, 2012, Dkt. # 29 at 1, so there is still substantial time for the City to conduct discovery and prepare a defense.

The fifth factor—availability of lesser sanctions—also does not support dismissal. While a district court need not exhaust every sanction before dismissing a case, it must explore possible alternatives before resorting to this severe sanction. *Henderson*, 779 F.2d at 1424. A district court abuses its discretion if it orders dismissal without a "reasonable exploration of possible and meaningful alternatives," which can include a discussion of alternatives in the papers submitted by the party. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Neither party has addressed the availability of less drastic sanctions in their memoranda. Fontana has not violated any court orders, and he has explained that he did not receive the discovery requests sent by the City. In light of the factual circumstances surrounding Fontana's living situation, the court finds that sanctions are inappropriate at this time. However, the court expects Fontana to comply with his discovery obligations going forward.

The other *Henderson* factors also weigh against dismissal. The fourth factor, the policy favoring disposition of cases on the merits, favors Fontana. As mentioned earlier, Fontana did not have a permanent residence or regular access to a computer or phone from approximately September 2011 to December 2011. Dkt. # 22 at ¶¶ 13, 17 (Fontana Decl.). As a result, he did not receive any mail sent by the City. *Id.* at ¶ 17. Fontana also

ORDER – 3

had difficulty communicating with counsel during this time. *Id.* at ¶ 15. These issues made it harder for him to discuss his case with potential new attorneys. *Id.*[1] Fontana did not obtain a new attorney until February 1, 2012. Dkt. # 14 (Notice of Appearance). The court finds that these factors excuse Fontana's past delays and weigh against dismissal. Additionally, the nature of the case supports deciding it on the merits, because Fontana alleges a civil rights claim involving unreasonable use of force. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (holding that resolution on the merits is particularly important in civil rights cases); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (holding that public has strong interest in police brutality cases being heard on the merits).

The court also finds that the delays have not interfered with the public interest in expeditious litigation or with the court's ability to manage its docket. Fontana has not "consumed large amounts of the court's valuable time," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), or caused any "serious disruptions of the district court's trial schedule," *United States for Use & Benefit Of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988).

Accordingly, the court finds that there are no factors that strongly weigh in favor of dismissal. The court therefore DENIES the City's motion to dismiss for lack of prosecution.

B.   **Rule 56**

The City also moves, in the alternative, for dismissal on summary judgment grounds. The City provides three arguments for summary judgment: (1) the statute of limitations bars Fontana's assault and battery claims; (2) Fontana can no longer add the real officers as parties; and (3) Fontana's failure to respond to requests for admissions has

---

[1] The court notes that Fontana's cognitive impairments, due to a past brain injury, may have been a factor in some of these communication problems. *See* Dkt. # 22 at ¶¶ 8, 15.

ORDER – 4

eliminated all evidence supporting his claim.[2] The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted).

Washington State provides a two-year statute of limitations on assault and battery claims. RCW 4.16.100(1). It is undisputed that the events giving rise to Fontana's claim occurred on March 25, 2008. Dkt. # 3 at 33 (Complaint); Dkt. # 22 at ¶ 4 (Fontana Decl.). The statute of limitations expired on March 25, 2010. Fontana filed his complaint on March 23, 2011. Dkt. # 3 at 34 (Complaint). Accordingly, the statute of limitations bars his assault and battery claims, and they must be dismissed.

With respect to the City's argument that the deadline for adding parties has expired, the court has broad discretion in managing its calendar and granting leave to amend complaints. *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The court does not have before it a properly noticed motion analyzing whether leave to amend should be granted. Therefore, the court declines to decide the merits of such a potential motion at this time.

Finally, the court declines to address the issue of admissions at this time. Fontana has already explained that he did not receive the requests for admission. Dkt. # 22 at ¶ 19 (Fontana Decl.). In his opposition, Fontana indicated that he would file a motion to withdraw admissions. Dkt. # 21 at 16 (Plaintiff's Opposition). Accordingly, Fontana may file a motion to withdraw admissions within 14 days of this order. The court will address whether the admissions will be deemed admitted at that time.[3]

---

[2] The court has disregarded arguments raised for the first time in the City's reply.
[3] If Fontana fails to bring a motion to withdraw admissions within 14 days, the City may move for summary judgment based on the admissions.

ORDER – 5

# IV. CONCLUSION

The court GRANTS the City's motion with regards to Fontana's assault and battery claims. The City's motion is DENIED in all other respects.

DATED this 14th day of May, 2012.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6