HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL FONTANA,

          Plaintiff,

  v.

CITY OF FEDERAL WAY, et al.

          Defendants.

CASE NO. C11-998RAJ

ORDER

     This matter comes before the court on defendants' motion to set reasonable expert fees. Dkt. # 97. Defendants request that the court order that the deposition fee of $2,500 for plaintiff's police practices expert, T. Michael Nault, is manifestly unreasonable. *Id.* at 1.

     Rule 26(b)(4)(E) provides that unless "manifest injustice" would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery. Fed. R. Civ. Proc. 26(b)(4)(E)(i). The parties have not directed the court to any Ninth Circuit authority to determine what constitutes a "reasonable fee," and the court has found none. District courts in the Ninth Circuit, and in this District, routinely apply a seven factor test: (1) the witness's area of expertise, (2) the education and training required to provide expert insight that is sought, (3) the prevailing rates of other comparably respected available experts, (4) the nature, quality,

ORDER- 1

and complexity of the discovery responses provided, (5) the fee actually charged to the party who retained the expert, (6) fees traditionally charged by the expert on related matters, and (7) any other factor likely to assist the court in balancing the interests implicated in Rule 26. *See Burdette v. Steadfast Commons II, LLC*, Case No. C11-980-RSM, 2012 WL 3762515, *5 (W.D. Wash. Aug. 29, 2012); *Smith v. Ardew Wood Prods. LTD.*, Case No. C07-5641-FDB, 2009 WL 2163131, *1 (W.D. Wash. July 20, 2009); *Edin v. The Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 546 (D. Ariz. 1999).

Since the parties agree that the court should apply the seven-factor test, the court assumes, without deciding, that the seven-factor test applies to determine whether the expert's fee is reasonable.

Mr. Nault is qualified in his field of expertise of police practices. He spent 27.5 years working in law enforcement and retired as the Commander of Major Crimes in the Criminal Investigation Division at the King County Sheriff's Department in 1994. Dkt. # 98-2 at 5. Mr. Nault has a bachelor's degree in Police Science and Administration and Sociology/Speech, and a Master's Degree in Public Administration. *Id.* at 6. He has taught courses at Seattle University in various law enforcement topics, and consulted with the Department of Justice International Criminal Investigations Training Assistance Program. *Id.* Mr. Nault also commanded two serial murder investigations that led him to being invited by the FBI Behavioral Sciences Support unit to be a lecturer on serial murder and serial murder task force management for the period of 1989-1995. *Id.* at 5. Mr. Nault has worked as a police practices expert for both plaintiffs and defendants in twenty other state and federal court cases since 2005. *Id.* at 12-13.

Mr. Nault charges $195 per hour for case assessment and a flat fee of $2,500 per day for trial and depositions. Dkt. # 103 at 4. Defendants have directed the court to three police practices experts in the greater Seattle area: (1) James Pugel, defendants' police practices expert; (2) D.P. Van Blaricom, and (3) Norm Stamper. Mr. Pugel charges $300 per hour for review of documents and preparation of reports/testimony, and $1,000 per

day for travel, depositions and testimony. Dkt. # 100-2 at 2. Mr. Blaricom charges an hourly rate of $385 and a deposition minimum of $2,000 per day. Dkt # 98-5 at 9. Mr. Stamper charges $400 per hour for all work done on a case.[1] Plaintiff has not directed the court to any other police practices expert in the greater Seattle area or elsewhere. Although Mr. Nault's hourly rate appears to be below market, his flat rate of $2,500 for depositions and trial testimony, appears to be above the market rate (with the exception of Mr. Stamper). Additionally, defendants deposed Mr. Nault for three hours and Mr. Nault spent one hour of travel time in connection with the deposition.

Considering all the relevant factors, the court finds that the flat rate deposition fee of $2,500 for a three hour deposition is unreasonable. The court believes that $2,000 for a full day of deposition including travel time would be reasonable for a police practices expert with Mr. Nault's experience, if the full day was actually spent in deposition or traveling to the deposition. A full day of deposition plus one hour of travel time would be approximately 8 hours in this case, which roughly results in a $250 per hour rate. *See* Fed. R. Civ. Proc. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.").

For all the foregoing reasons, the court GRANTS defendants' motion for the reasons stated above. The court finds that a reasonable fee for Mr. Nault's deposition is $1,000 given the three hours in deposition and one hour of travel time. Mr. Nault is ORDERED to refund $1,500 to defendants within 14 days of this order.

Dated this 16th day of September, 2013.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

---

[1] Mr. Stamper does not have a flat fee for deposition or trial testimony, but the court notes that at his rate, a seven-hour full day of deposition would cost $2,800.