Hon. Richard Jones

Noted for: January 4, 2014 Per Docket 109

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL FONTANA<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF FEDERAL WAY, a political subdivision of the State of Washington; FEDERAL WAY POLICE DEPARTMENT, an entity of Federal Way; DOUGLAS LAIRD, in his official and individual capacities; DOUGLAS DEYO, in his official and individual capacities; THADDEUS HODGE, in his official and individual capacities; BRIAN LAUER, in his official and individual capacities; DEBRA CALHOUN, in her official and individual capacities, JOHN DOE OFFICERS 1-10, in their official and individual capacities; and JANE DOE OFFICERS 1-10, in their official and individual capacities.<br><br>                    Defendants. | NO. C11-998 RAJ<br><br>PLAINTIFF'S MOTIONS IN LIMINE<br><br>(Noted for: January 4, 2014 Per Docket 109) |

Plaintiff makes the following motions in limine for an order directing the defendants, their witnesses and attorneys, not to directly or indirectly disclose or attempt to convey to the jury in any manner the subject matter or facts stated below without first obtaining permission from the court, outside the presence of the jury, to avoid prejudicial error and a mistrial.

PLAINTIFF'S MOTIONS IN LIMINE - 1
NO. CV11-998 RAJ

LAW OFFICE of
Dan N. Fiorito III
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

## I. USE OF FORCE ISSUES

**A. Any Claim By Federal Way Police Officers That They Or Any Of Them Are Entitled To *Use* Force Due To A Risk of Danger That Is Not Supported By Specific Facts In This Case.**

Defendants may attempt to present evidence justifying their decision to use force based on their generalized belief that Mr. Fontana was dangerous. Such non-specific testimony should not be advanced as a reason to use force, as distinguished from a reason to use caution.

The Fourth Amendment standard requires officers only use that force that is <u>objectively</u> reasonable under the facts and circumstances at the time of the arrest or seizure. *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989). Police officers cannot use force based on generalized fears or based on circumstances other than the particular circumstances faced at the time. *Winterrowd v. Nelson*, 480 F.3d 1181, 1185 (9th Cir. 2007); *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001). The Washington Supreme Court has reached the same conclusion:

> A generalized fear that persons engaged in a particular type of crime, e.g. narcotics traffic, may be armed or dangerous because criminals of that type frequently are armed is insufficient to support a maximum use of force. *United States v. Ceballos*, 654 F.2d 177 (2d Cir. 1981). As that court noted, if generalization alone was sufficient, any "suspect, even if unknown to the agents and giving no indication that force is necessary, could be faced with a 'maximal intrusion' based on a mere reasonable suspicion. *Ceballos*, at 184.

*State v. Belieu*, 112 Wn.2d 587, 603-4, 773 P.2d 46 (1989)

Accordingly, generalized concerns must be excluded. The generalized fear that Mr. Fontana was dangerous because he was allegedly connected to a homicide cannot justify the use of force.

**B. Any Demonstration By An Officer As To How to Effectuate an Arrest.**

Physical enactments of the arrest process would be prejudicial to the plaintiff and should be excluded.

PLAINTIFF'S MOTIONS IN LIMINE - 2
NO. CV11-998 RAJ

**LAW OFFICE of
Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

## II. JUDICIAL DECEPTION ISSUES

### C. Evidence From Witnesses that did not give statements to police officers and evidence acquired that was not used by detectives to calculate probable cause.

Plaintiff is alleging that Federal Way procured a warrant through judicial deception. Detective Laird indicated in his affidavit that Mr. Fontana "has previously assaulted one brother in the back of a head with a "2 x 4." *Dkt.* 108, p. 12. No eyewitness of the alleged event was identified and nobody acknowledged to a detective that they witnessed the event. No such evidence was presented in discovery. In fact, Detective Laird did not identify in his affidavit the witness to the event or provide any information from which the judge could determine the veracity of the statements. The defendant must be precluded from presenting any evidence that Mr. Fontana assaulted his brother or anybody else. Any such evidence, if it existed, was not part of the original affidavit and any attempt to recreate probable cause based on after-acquired evidence should be excluded.

Detective Laird also alleged that the victim was "upset" with Mr. Fontana just prior to her murder. *Id* at p. 13. However, no evidence has been presented in discovery to substantiate this allegation. Again, defendants must be precluded from presenting evidence that was not presented in the search warrant or that was not identified in discovery as being relied upon to establish probable cause.

Detective Laird also alleged that Mr. Fontana's behavior changed after the victim's body was found. Specifically, Detective Laird alleged that Mr. Fontana was "uncharacteristically subdued and quiet" the day following the murder. *Id.* at p. 16. During discovery, no evidence was presented to support an assertion that Mr. Fontana's behavior changed. Defendants must be precluded from presenting any evidence related to this assertion.

PLAINTIFF'S MOTIONS IN LIMINE - 3
NO. CV11-998 RAJ

**LAW OFFICE of**
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

Ultimately, this specific motion in limine seeks to prohibit the defense from making the trial about evidence that was not used to support the request for probable cause sought in Detective Laird's warrant. The jury should not be put in a position that permits it to have more information available to it than what was available and known by the officers at the time they asked the judge via sworn testimony to find probable cause. Any evidence that the officers did not know of or rely on must be excluded. Furthermore, any evidence which was not identified in discovery as a basis to support the probable cause finding should be excluded as well.

## III. EXPERT TESTIMONY ISSUE

### D. Mr. Pugel's testimony regarding the validity of the search warrant must be excluded.

In the present case, James Pugel is expected to testify that there was a lawful basis to seize evidentiary evidence from Mr. Fontana's person. *Fiorito Dec.*, Ex. A. This opinion assumes the truth of the statements asserted in the affidavit for probable cause submitted by the defendant officers. However, it does not stand to reason that an expert should be permitted to base an opinion on facts not in evidence, especially when the omission of said facts gives rise the plaintiff's judicial deception claim. For example, Mr. Pugel has opined that detectives complied with acceptable police procedures with applying for and obtaining DNA through a search warrant. *Id.* at pp. 3-4. Mr. Pugel assumes the following:

(a) That Mr. Fontana engaged in confrontational behavior at the Garden Terrace;

(b) That Mr. Fontana had a specific disagreement with the victim of the homicide;

(c) That Mr. Fontana assaulted his brother with a weapon; and

(d) That his behavior changed after the homicide.

PLAINTIFF'S MOTIONS IN LIMINE - 4
NO. CV11-998 RAJ

**LAW OFFICE of**
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

*Id.* at p. 4. The defendants have failed to substantiate any of these assertions. Mr. Pugel must not be allowed to testify to the jury about an opinion based on facts not in evidence. Such testimony would only confuse the jury and would be irrelevant. For example, if Mr. Pugel is testifying that the police acted properly **if what was written in the affidavit is true**, his testimony would not be relevant to anything of consequence if the information in the affidavit was untrue, misrepresented, unsupported, or characteristically untrue by omission. To the contrary, it could only my misused by the jury to accept that under circumstances not found in this case, the efforts of the officers may have been valid. In fact, Mr. Pugel states that his opinion is only valid "if what was written in the various police reports and affidavits and other police documents is true, and the involved officers were told as much by the victims and or witnesses, or personally observed what they reflected in their documents.." *Id.* at p. 3.

### E. Mr. Pugel cannot be allowed to testify regarding Mr. Fontana's injuries.

Mr. Pugel has opined that "it is highly unlikely that the means of detention resulted in any serious injury." *Id.* at p. 5. Mr. Pugel does not have any medical training and as not evaluated Mr. Fontana for injuries. He cannot be allowed to offer an expert opinion on medical damages in this case. *See Richman v. Sheahan*, N.D.Ill.2006, 415 F.Supp.2d 929 (in excessive force case, experts could not offer testimony based on medical evidence or opinion since such testimony was outside the realm of their expertise and there had been no showing that medical reports were the kind of evidence upon which experts in the field of excessive force relied.

### F. Mr. Pugel should not be allowed to testify as to the reasonableness of the force used.

Mr. Pugel's written opinion gives cursory examination to the question of whether reasonable force was used. Mr. Pugel is offering an opinion that the use of force was reasonable based

PLAINTIFF'S MOTIONS IN LIMINE - 5
NO. CV11-998 RAJ

LAW OFFICE of
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

exclusively on Detective Laird's testimony which describes the arrest as "uneventful" and unremarkable." *Id.* at p. 5.  Not only does the opinion fail to acknowledge the testimony of either Mr. Fontana or Detective Laird[1] (arm-bar technique used), Mr. Pugel's opinion provides no analysis of the conditions for which force is acceptable.

At this deposition, Mr. Pugel agreed that in order to determine whether reasonable force was used, he would need to know the factors present before the force was implemented. *Fiorito Dec.*, Ex. B, p. 87:5-20. Mr. Pugel agreed that in his report he did not enumerate any of the *Graham v. Connor* factors present in this case. *Id.* at 87: 19-20. Mr. Pugel testified that his opinion was complete; however, he was unable to provide any basis for why the use of force in this case was reasonable. *Id.* at p. 88:2-4. Mr. Pugel was given every opportunity to explain the basis of his opinion but failed to provide any basis on which is opinion could stand. Mr. Pugel charged $1,000.00 for his deposition. *Fiorito Dec.* ¶2, Mr. Fontana's counsel can only assume that he got Mr. Pugels' best effort for the money that was charged. Regardless, without any basis to support that the use of force was reasonable, his opinion must be stricken. In any case, he cannot be permitted to supplement his opinion.

Admissibility of expert opinion testimony generally turns on the following preliminary question of law determinations by the trial judge under FRE 104(a):

(a)    Whether the opinion is based on scientific, technical, or other specialized knowledge;

(b)    Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue;

---

[1] It is undisputed that Detective Lauer employed an arm-bar technique on Mr. Fontana; thus force was used.

PLAINTIFF'S MOTIONS IN LIMINE - 6
NO.  CV11-998 RAJ

**LAW OFFICE of**
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

(c) Whether the expert has appropriate qualifications-i.e., some special knowledge, skill, experience, training or education on that subject matter. FRE 702; *Jones v. Lincoln Elec. Co.,* 188 F.3d 709 (7th Cir.1999); *see Wilson v. Woods,* 163 F.3d 935 (5th Cir.1999) (expert in fire reconstruction unqualified as expert in auto accident reconstruction).

(d) Whether the testimony is relevant and reliable. *Unisys Sav. Plan Litig.,* 173 F.3d 145, 155 (3rd Cir.1999); *Kumho Tire,* 119 S.Ct. at 1174–75.

(e) Whether the methodology or technique the expert uses "fits" the conclusions (the expert's credibility is for the jury). *See Joiner,* 118 S.Ct. at 522.

(f) Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time. FRE 403; *United States v. Chischilly,* 30 F.3d 1144, 1156 (9th Cir.1994); *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir. 2000).

There is no factual basis for Mr. Pugel's opinion that the use of force was reasonable. To permit the interim Police Chief for the City of Seattle to cast a baseless opinion in favor of the defense would unduly prejudice Mr. Fontana.

### G. Any Reference to Any Use of Force by Plaintiff's Expert Witnesses that Occurred Prior to the 1989 U.S. Supreme Court Decision in Graham v. Connor, 490 U.S. 386 (1989).

In 1985, the Supreme Court ruled in *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) that police officers are only permitted to use deadly force where such force is reasonable and necessary under the circumstances. Prior to that decision, officers had less clear guidance as to what degree of force, under what circumstances, was excessive under the Fourth and Fourteenth Amendments. Those principles were later extended to the use of less than deadly force.

PLAINTIFF'S MOTIONS IN LIMINE - 7
NO. CV11-998 RAJ

**LAW OFFICE of
Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

*Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989). Any reference to use of force standards prior to *Graham v. Connor* are thus irrelevant.

### III.  IMPEACHMENT ISSUES

**H.     Evidence of Social Drinking or Smoking.**

The fact that plaintiff has in the past or does presently consume alcohol or that he has or did smoke cigarettes should be excluded. Such evidence is not relevant and is likely to unfavorably prejudice the plaintiff in that it implants an improper suggestion in the minds of the jury of the possibility of intoxication or immoral conduct. *Kramer v. J.I. Case Mfg. Co.*, 62 Wn. App. 544 (1991). Evidence of social drinking or smoking is thus inadmissible under ER 401, 403, 404(b), 406 and 608(b), other than specific testimony concerning the evening at issue.

**I.     Other, Miscellaneous Items of Potentially Improper Impeachment.**

Mr. Fontana currently has a malicious prosecution / false arrest lawsuit in the Western District of Washington Federal Court against the City of Auburn. That lawsuit stems from his arrest and subsequent prosecution by the City of Auburn for a charge that was ultimately dismissed by the Auburn Municipal Court pursuant to a Knapstead Motion. Any evidence of that arrest, prosecution, or lawsuit must be excluded. Rule 404(b), which governs the admissibility of "other crimes, wrongs, or acts," makes clear that evidence of other crimes, wrongs or acts "is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The Ninth Circuit has specifically observed that "[c]haracter evidence is normally not admissible in civil rights cases." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993).

This case is no exception. The Ninth Circuit has long recognized the importance of Rule 404's prohibition on introducing evidence of other crimes, wrongs, or bad acts. "The rationale behind this rule is the notion that this evidence has slight probative value but has a tendency to be

PLAINTIFF'S MOTIONS IN LIMINE - 8
NO. CV11-998 RAJ

LAW OFFICE of
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

highly prejudicial or to confuse the issues." *Cohn v. Papke,* 655 F.2d 191 (9th Cir. 1981). Such evidence may be admitted *only* if it is offered for some other legitimate purpose, such as to prove motive or intent, and only if it first passes rigorous review.[2] Because such evidence has no purpose in this case other than to disparage Mr. Fontana, the evidence should be excluded.

The evidence should likewise be excluded under Rules 401, 402 and/or 403, which prohibit the introduction of irrelevant evidence (Rules 401 and 402) and permit the Court to exclude evidence whose probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of economy (Rule 403). In this case, the evidence is of no probative value.

> Rule 608(b) authorizes inquiry into specific instances of misconduct on cross-examination but requires that they must be "clearly probative of truthfulness or untruthfulness."

3 *Weinstein's Evidence,* ¶ 608[5]. *Hemphill v. Washington Area Metro. Trans. Auth.,* 982 F.2d 572 (D.C.Cir. 1993) (reversible error to admit evidence of prior suits filed by plaintiff unless the suits are shown to be fraudulent or meritless); *Outley v. City of New York,* 837 F.2d 587 (2nd Cir. 1988) (evidence of prior suits inadmissible absent pattern of fraudulent suits).

**J.  Any Other Arrests that Did Not Result in A Conviction Admissible Under ER 609.**

Other arrests and convictions should be considered inadmissible under FRE 608 and 609. *See*

---

[2] Under Rule 404(b), evidence of other crimes, wrongs, or acts may only be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Ninth Circuit applies a four-part test to determine whether courts may admit evidence of prior bad acts. Such evidence may be admissible *only* if (1) it is introduced to prove a material issue, (2) the prior act or wrong is similar to the current offense, (3) sufficient evidence exists for the jury to find that the defendant committed the other act, *and* (4) the other act is not too remote in time. United States v. Blitz, 151 F.3d 1002, 1008 (9th Cir. 1998). The defense cannot satisfy this test with respect to any of the evidence that is addressed by this motion. Even if the strict test for admitting evidence under Rule 404(b) is satisfied, the Ninth Circuit requires that the district court carefully apply a Rule 403 balancing test. U.S. v. McLister, 608 F.2d 785, 790 (9th Cir. 1979).

PLAINTIFF'S MOTIONS IN LIMINE - 9
NO. CV11-998 RAJ

**LAW OFFICE of**
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

*also, Davis v. Mason County*, 927 F.2d 1473, 1484 (9th Cir. 1991) which held evidence that a civil rights plaintiff had fought with another individual one day before the incident involving excessive force by police officer was held inadmissible in the civil rights suit against the police officer. Similarly, in *United States v. Schatzle*, 901 F.2d 252, 256 (2nd Cir. 1990) a civil rights complainant's prior altercation with another police officer, during a traffic stop that resulted in an arrest for disorderly conduct, was inadmissible under Rule 403 because the testimony would have caused confusion and delay.

Here, plaintiff has no other arrests besides the arrest by Auburn Police and no convictions that have been raised by the defense. The other arrests or convictions of any civilian witnesses should be inadmissible and excluded unless the defense is able to show a conviction admissible under Rules 608 and 609. If there is any effort to present such evidence, an offer of proof should be made initially outside of the jury's presence.

## IV. DAMAGES

### K.  Any Claim or Suggestion that the Individual Defendants Will be Personally Liable for Compensatory or Punitive Damages.

The City of Federal Way provides indemnification for its employees. Federal Way Revised Code 2.05.020 through 2.05.080, Fiorito Dec. Ex. C. In this case, the City has undertaken representation of the defendant officers. Pursuant to FWCR 2.05.080, the city will pay any settlement or judgment not otherwise covered by insurance. *Id.* Thus, the defendant should be precluded from arguing to the jury that the defendant officers would be financially impacted by a judgment against them.

Finally, the general rule is that parties are prohibited from making reference to their financial status, insurance or lack thereof. ER 411; *Cramer v. Van Parys*, 7 Wn.App 584, 593-94, 500 P.2d 1255 (1972) (financial circumstance of parties); *King v. Starr*, 43 Wn.2d 115, 260 P.2d 351 (1953) (insurance). The evidence is also irrelevant and prejudicial under ER 402 and 403.

PLAINTIFF'S MOTIONS IN LIMINE - 10
NO. CV11-998 RAJ

LAW OFFICE of
Dan N. Fiorito III
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

## V. GENERAL MATTERS

**L.      Attorney's Fees and Employment Arrangements.**

The time, fee agreement particulars, or circumstances under which the plaintiff employed his attorney is not admissible. *Martinez v. Williams*, 312 S.W.2d 742 (Tex. App. 1958); *State v. Sexsmith*, 186 Wash. 345 (1936).

**M.      Sexual Orientation.**

Any reference to sexual orientation of any individual is improper and inadmissible in this case. *United States v. Gillespie*, 852 F.2d 475 (9th Cir. 1988) (evidence of defendant's homosexuality inadmissible even in charge of importing a female for immoral purposes). *See also Cohn v. Papke*, 655 F.2d 191 (9th Cir 1981) (evidence of plaintiffs' sexual orientation is inadmissible in civil rights case even where case arises out of an arrest for a sex offense) *See also, Kirk v. Washington State Univ.,*, 109 Wn.2d 448 (1987) (sexual history inadmissible in personal injury case)

**N.      Undisclosed Witnesses and Other Undisclosed Evidence.**

Under modern discovery rules, "a trial [should be] less a game of blindman's bluff and more a fair contest with basic issues and facts disclosed to the fullest practical extent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677,682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). This principle has been extended in recent years through lay down disclosure requirements such as FRCivP 26, which requires the identification of witnesses and the subjects of their possible testimony. See also FRCivP 26 (e) (1) and (2) which requires a party to seasonably supplement interrogatory answers, FRCivP 26 (g) (good faith) and FRCivP 37 (b) which provides for sanctions for non-disclosure. Case law also provides ample authority for not permitting a party to call witnesses who were undisclosed in discovery. *Fusco v. General Motors Corp.*, 11 F.3d 259 (1st Cir. 1993) (last minute addition of evidence on eve of second trial properly excluded); *Gant v. Kleenzade, Inc.*, 155 F.R.D. 102 (E.D.Pa. 1994); *M/V La Conte, Inc. v. Leisure*, 55 Wn. App 396, 777 P.2d 1061 (1989) (failure to meet cut-off dates and to seasonably supplement answers justified exclusion of expert witness); *Lampard v. Roth*,

PLAINTIFF'S MOTIONS IN LIMINE - 11
NO. CV11-998 RAJ

**LAW OFFICE of**
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

38 Wn.App 198, 202, 684 P.2d 1353 (1984) (disclosure of expert 2 days before trial, despite earlier orders to disclose expert, justified excluding the witness).

O. **Referral to Doctor or Counselor.**

Evidence should be excluded that plaintiff's attorney or someone else recommended that plaintiff consult a particular physician or counselor, or relating to the attorney's acquaintanceship or any other aspect of a relationship between a plaintiff's attorney and a physician or counselor called as a witness in the case. *Salazar v. Ehmann*, 505 P.2d 387 (Colo. App. 1972).

P. **Evidence of Unrelated Medical Conditions or Accidents.**

Unrelated medical conditions or accidents offer nothing of probative value to issues to be decided in the case. This unrelated information is potentially prejudicial and can create confusion. This evidence is not admissible, FRE 401-403. While at this point it is not known what medical conditions / records of Mr. Fontana, if any, the defense intends to propose as evidence, the plaintiff requests that he be permitted to revisit this issue once trial exhibits are designated in the pretrial order

Q. **Any Testimony by Counsel or Comments on Witness Testimony (Except Closing Argument).**

Conduct by counsel designed to prejudice or improperly influence the jury should be limited. *See, Kopf v. Skyrm, supra*, 993 F.2d 374; *State v. Belgarde, supra*, 110 Wn.2d 504. Counsel has an opportunity to argue their case at closing. Counsel should not be permitted to testify or argue to the jury at other times. *See* Ninth Circuit Pattern Instructions 1.4. *See also,* RPC 3.4(e).

R. **Demands for Requests Before the Jury.**

The defendant should be instructed not to make demands or requests before the jury for matters found or contained in plaintiff's file, which would include statements, pleadings, photographs or other documents, nor to demand or request further or additional medical examinations, physical demonstrations or other during requests during the course of the trial and in the presence of the jury.

S. **Presentation of This Motion.**

PLAINTIFF'S MOTIONS IN LIMINE - 12
NO. CV11-998 RAJ

**LAW OFFICE of**
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

The Court should not permit comment or suggestion the plaintiff has excluded from proof any matter bearing on the issues in this case so that the rights of the parties to this suit are affected. *Texas Employers Ins. Ass'n. v. Phillips*, 255 S.W.2d 364 (Tex. App. 1953).

DATED this 19th day of December, 2013.

> s/ Dan Fiorito
> Dan Fiorito
> WSBA No. 34009
> Attorney for Randall Fontana

PLAINTIFF'S MOTIONS IN LIMINE - 13
NO. CV11-998 RAJ

**LAW OFFICE of**
**Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX

DECLARATION OF SERVICE

I hereby certify that on December 19, 2013, I electronically filed the foregoing *Motions In Limine* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas Miller
CHRISTIE LAW GROUP
2100 Westlake Ave N. # 206
Seattle, WA 98109
Ph: 206-957-9669
Fax: 206-352-7875
tom@christielawgroup.com

Robert Christie
CHRISTIE LAW GROUP
2100 Westlake Ave N. # 206
Seattle, WA 98109
Ph: 206-957-9669
Fax: 206-352-7875
bob@christielawgroup.com

Ann Trivett
CHRISTIE LAW GROUP
2100 Westlake Ave N. # 206
Seattle, WA 98109
Ph: 206-957-9669
Fax: 206-352-7875
ann@christielawgroup.com

s/ Dan Fiorito
Dan Fiorito, WSBA No. 34009
Attorney for Plaintiff
844 NW 48th Street
Seattle, WA  98107
Telephone:  (206) 299-1582
Fax:    (206) 299-770-7590
E-mail:  dan@danforito.com

PLAINTIFF'S MOTIONS IN LIMINE - 14
NO.  CV11-998 RAJ

**LAW OFFICE of
Dan N. Fiorito III**
844 NW 48th Street
Seattle WA 98107
(206) 299-1582
(206) 770-7590 FAX