HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL FONTANA,

        Plaintiff,

  v.

CITY OF FEDERAL WAY, et al.,

        Defendants.

CASE NO. C11-998 RAJ

ORDER

This matter comes before the court on the parties' motions *in limine*. Dkt. ## 113, 115.

The court notes that the findings and conclusions regarding the motions *in limine*, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. Subject to these principles, the court rules as follows for the guidance of the parties:

## I. DEFENDANTS' MOTIONS *IN LIMINE*

Plaintiff has not opposed defendants' motions *in limine* 1-8, 10, 12, 15, and 16. Dkt. # 19.

**1. Any evidence, testimony, mention, or argument concerning insurance coverage available to defendants**

   GRANTED. Fed. R. Evid. 411. This ruling applies to all parties.

**2. Any evidence, testimony, mention, or argument concerning settlement negotiations**

   GRANTED. Fed. R. Evid. 408. This ruling applies to all parties.

**3. Any witnesses or evidence not previously disclosed**

   GRANTED. Fed. R. Civ. Proc. 26 & 37(c)(1). This ruling applies to all parties.

**4. Witnesses' probable testimony who is absent, unavailable or not called to testify**

   GRANTED. Fed. R. Civ. Proc. 26 & 37(c)(1). This ruling applies to all parties.

**5. Any testimony, mention, or evidence concerning motions *in limine* or court's rulings**

   GRANTED. Fed. R. Evid. 401 & 403. This ruling applies to all parties.

**6. Any reference to expenses in litigation**

   GRANTED. Fed. R. Evid. 401 & 403. This ruling applies to all parties.

**7. All testimony, evidence, mention, or argument that jurors should place themselves in plaintiff's position**

   Defendants have not provided relevant legal authority in the relevant jurisdiction. Nevertheless, plaintiff has not opposed this motion. GRANTED.

**8. Any reference to plaintiff's dismissed claims**

   GRANTED. Fed. R. Evid. 401 & 403. This ruling applies to all parties.

**9. Any testimony or argument regarding the alleged strike or grab to plaintiff's testicles**

   Defendants argue that any evidence or reference to the alleged strike or grab to plaintiff's testicles should be excluded because plaintiff did not identify the officers who struck or grabbed plaintiff's testicles, and the deadline to add parties has expired. Dkt # 113 at 6. Plaintiff argues that this evidence is admissible to show Mr. Fontana's damages

1 and that it was reasonably foreseeable that Mr. Fontana would be mistreated or injured at
2 the facility. Dkt. # 119 at 2. However, plaintiff has not provided any relevant legal
3 authority in the relevant jurisdiction regarding whether the individual defendants in this
4 case can be held liable for actions of two unidentified police officers, or any evidence that
5 would lead defendants to believe that Fontana would be mistreated or injured once in
6 custody.

Plaintiff also argues that the evidence is relevant to his claim for unlawful execution of a search warrant, where his detention was prolonged, painful, degrading and an undue invasion of his privacy. Dkt. # 119 at 3. However, his claim for unlawful execution of a search warrant is only against Detectives Hodge, Lauer, Laird, and Deyo. Again, plaintiff has not provided the court with any relevant legal authority in the relevant jurisdiction regarding whether the individual defendants in this case may be held liable for actions of two unidentified police officers.

Accordingly, the court finds that this evidence is not relevant to plaintiff's claims against these individual detectives.[1] Fed. R. Evid. 401.

GRANTED.

**10. Any argument that it was improper for detectives to rely on hearsay statements in drafting search warrant**

As a preliminary matter, the only time it is proper for counsel to make argument to the jury is during closing arguments. Additionally, it is the province of the judge to instruct the jury with respect to the law. Any arguments made in closing arguments shall be consistent with the jury instructions that the court will read to the jury. If either party believes counsel has strayed from the law as instructed, they may make an objection at

---

[1] To the extent that plaintiff finds relevant legal authority in the relevant jurisdiction, the court advises that the parties shall meet and confer no later than February 17, 2014, regarding the legal authority, and present such legal authority to the court no later than February 19, 2014.

that the appropriate time. The court will not speculate as to potential arguments of counsel in advance.

DENIED.

11. **Any reference to "hearsay" when describing third party statements that formed the basis of any affidavit or search warrant**

Defendants argue that any reference that a particular statement is "hearsay" is a legal conclusion and is likely to confuse the jury, and that plaintiffs should refer to the statements in the affidavit as a report from a third-party. Dkt. # 113 at 7. Plaintiff argues that exploration of the term hearsay, what it means, and how it can be used are all valid areas of examination. Dkt. # 119 at 4.

The term "hearsay" has a legal meaning that is complex. Counsel should know the difficulty of trying to explain hearsay and exceptions to lay persons. The court is unaware of any cases in which a judge instructed a jury as to the meaning of the term, or allowed examination into the meaning of the term. The court also recognizes that there is a distinction between representing something as fact, as opposed to representing that someone reported something as fact. However, it appears to the court that plaintiff may still examine a witness about this distinction without delving into the meaning of the term hearsay. For instance, plaintiff may question officers with respect to the circumstances surrounding a witness statement, including whether the officer examined the basis of the witness' knowledge, performed any subsequent investigation, or indicated in the affidavit that the information was obtained from some third-person who did not witness a particular event.

The court has grave concerns about allowing witnesses to testify with respect to their understanding of the term hearsay. Nevertheless, the court is at a disadvantage without the parties' submissions for proposed jury instructions. Accordingly, the court reserves ruling on this motion until after the court reviews the parties' proposed jury instructions.

**12. Any evidence or argument regarding an allegedly negligent investigation**

Plaintiff does not allege a claim for negligent investigation or oppose this motion. GRANTED.

**13. Any testimony from T. Michael Nault consisting of legal conclusions, characterizations of testimony, or credibility determinations.**

FRE 704(a) permits opinion testimony that embraces an ultimate issue to be decided by the trier of fact. FRE 704(a); *United States v. Kinsey*, 843 F.2d 383, 388 (9th Cir. 1988), *overruled on other grounds by, United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). "An ultimate issue opinion by a properly qualified expert should not be excluded except in the extreme case where the expert's opinion is inherently misleading or unfairly prejudicial." *Kinsey*, 843 F.2d at 389. Additionally, the Ninth Circuit has generally allowed expert testimony regarding the appropriateness of police conduct. *See e.g. Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (holding that rational jury could rely on expert testimony regarding applicable police standards and training to opine regarding appropriate conduct police should have taken). "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transport Finance v. Cass Info. Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (emphasis in original).

Accordingly, Mr. Nault may opine regarding police practices, what acceptable force is, and whether defendant's conduct was or was not appropriate, but he may not express his opinion in terms of whether defendants "violated plaintiff's Fourth Amendment rights," used "excessive force," or used force that is consistent with a finding of excessive force. Those are impermissible legal conclusions.

**14. Any reference regarding the Department of Justice Investigation of the Seattle Police Department**

Defendants argue that plaintiff should be prohibited from attempting to impeach or call into question defendants' expert's, Jim Pugel, character by referencing the Department of Justice ("DOJ") Report that found that the Seattle Police Department ("SPD") engaged in a pattern or practice of using unnecessary or excessive force. Dkt. # 113 at 9-10. Plaintiff argues that Pugel's relationship with the SPD and the DOJ's recent investigation are relevant to his credibility as an expert witness. Dkt. # 119 at 5. Specifically, plaintiff argues that Pugel is the interim Chief of Police for SPD,[2] has spent his entire 30 year career with the SPD, became a Precinct Commander in 1999, became Assistant Chief of Police, Patrol Operations in 2001, and his qualifications are rooted exclusively in his experiences as a SPD police officer, commander, and interim chief. *Id.*

The DOJ report specifically found that "SPD engages in a pattern or practice of using unnecessary or excessive force, in violation of the Fourth Amendment to the United States Constitution and Section 14141." Dkt. # 114 at 8. It also found that "[d]eficiencies in SPD's training, policies, and oversight with regard to the use of force contribute to the constitutional violations." *Id.* It also found that "[o]fficers lack adequate training on policies on when and how to report force and when and how to use many impact weapons . . . ." *Id.* It also found that "starting from the top, SPD supervisors often fail to meet their responsibility to provide oversight of the use of force by individual officers[, and that] [c]ommand staff does not always provide supervisors with clear direction or expectations of how to supervise the use of force." *Id.*

Pugel has relied on his 29 years of police experience with the SPD, including reviewing hundreds of reports dealing with the arrests of individuals as well as use of force. Dkt. # 116-1 at 3 (Ex. A to Fiorito Decl.). Pugel has been responsible for

---

[2] Pugel recently stepped down from his role as interim Chief.

reviewing all of the uses of force by sworn police officers in the police department and deciding whether they were in compliance with law and department policy. *Id.* However, it is these very same practices with which the DOJ report found deficiencies.

Given that Pugel relies on his experience with the SPD as the basis for his qualification, the court believes that the DOJ report's findings quoted above are relevant to Pugel's credibility with respect to his opinions as to the appropriateness of the level of force used. Fed. R. Evid. 401. Nevertheless, the court believes that the report itself will likely confuse and distract the jury. The court is concerned about the potential of a mini-trial concerning the DOJ's findings with respect to SPD and the potential for misuse by the jury in relation to defendants who are Federal Way officers. The court orders the parties to meet and confer regarding the scope of questioning plaintiff intends to ask Mr. Pugel no later than February 17, 2014. The parties will have an opportunity during the pre-trial conference to provide oral argument regarding whether allowing examination into the DOJ findings will be unduly prejudicial. Fed. R. Evid. 403. Plaintiff may provide a proffer at that time regarding the scope of intended examination. The court does not want to give the impression that it will allow testimony regarding the DOJ report. Rather, the court reserves its ruling until after the pre-trial conference.

**15. Any reference to or request for special damages not already identified**

GRANTED. Fed. R. Civ. Proc. 26 & 37(c)(1).

**16. Any evidence or argument of future wage loss**

Defendants argue that plaintiff's vocational rehabilitation expert's testimony regarding future wage loss should be precluded because whether plaintiff will incur future lost earning capacity is complete speculation. Dkt. # 113 at 15. Plaintiff does not oppose this motion.

GRANTED. Fed. R. Civ. Proc. 702; *Claar v. Burlington*, 29 F.3d 499, 502 (9th Cir. 1994) (expert's conclusion must be based on scientific knowledge, not subjective beliefs or unsupported speculation).

## II. PLAINTIFF'S MOTIONS *IN LIMINE*

**A. Any claim by Federal Way Police Officers that they or any of them are entitled to use force due to a risk of danger that is not supported by specific facts in this case**

Plaintiff seeks to exclude evidence that defendants' use of force was based on their generalized belief that Mr. Fontana was dangerous.

Generalized concerns that an individual presents officer safety issues, standing alone, do not justify the use of force. *Winterrowd v. Nelson*, 480 F.3d 1181, 1185 (9th Cir.2007). A simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern. *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001). An officer's use of force must be objectively reasonable based on his contemporaneous knowledge of the facts. *Id.*

Defendants may testify regarding the facts and circumstances known to them at the time of the encounter with plaintiff. Nevertheless, the court cannot rule in a vacuum and it is unclear to the court whether defendants will testify as to a generalized fear, rather than a contemporaneous knowledge of the facts at the time. Accordingly, to the extent that plaintiff believes defendants are testifying as to a generalized concern of officer safety, standing alone, he should object during trial when the testimony is elicited.

DENIED.

**B. Any demonstration by an officer as to how to effectuate an arrest**

Plaintiff has not provided any legal authority or explained how or why a demonstration would be unduly prejudicial, particularly since plaintiff will be entitled to engage in his own demonstration of the events.

DENIED.

## C. Evidence from witnesses that did not give statements to police officers and evidence acquired that was not used by detectives to calculate probable cause

Plaintiff argues, in part, that evidence not produced in discovery should be excluded. According to plaintiff, this would include eyewitness testimony to the alleged assault of plaintiff's brother, evidence that Ms. Britt was upset, and evidence that Mr. Fontana's behavior changed following the murder. Dkt. # 115 at 3-4. Defendants do not address whether the evidence plaintiff seeks to exclude was produced during discovery. Dkt. # 118 at 4-5.

Consistent with the court's rulings above, the parties are prohibited from introducing evidence that was not previously disclosed during discovery. Fed. R. Civ. Proc. 26 & 37(c)(1).

Plaintiff also argues that defendants should be prohibited from introducing evidence outside of the affidavit supporting the warrant for his judicial deception claim. To the extent that the evidence outside of the affidavit was produced during discovery and was available and known to the officers at the time the warrant was drafted and presented to the judge, it is admissible.

GRANTED in part.

## D. Defendant's expert Pugel's testimony regarding validity of search warrant

Plaintiff seeks to exclude Pugel's testimony that there was a lawful basis to seize evidence from plaintiff's person because it assumes the truth of the statements asserted in the probable cause affidavit.[3] Dkt. # 115 at 4. Defendants argue that Pugel will assume that the information in the affidavits for the search warrant, officer depositions and police reports is true, and that defendants will present admissible evidence that supports Pugel's evidentiary assumptions. Dkt. # 118 at 6.

---

[3] Plaintiff does not provide any legal authority to support his argument.

To the extent that defendants provide sufficient facts to support the evidentiary assumptions, this is proper expert testimony under Rule 702. Plaintiff may cross-examine Pugel regarding the assumptions made and introduce evidence to the contrary. The court understands plaintiff's theory of the case, but defendants must be permitted to present their theory of the case as well. The jury will determine which facts and evidence they credit.

**E. Pugel's testimony regarding Fontana's injuries**

An expert in one field cannot express an opinion relying on data that requires expertise in another field. *U.S. v. Santini*, 656 F.3d 1075, 1078-79 (9th Cir. 2011). Pugel cannot testify with respect to plaintiff's injuries because he does not have medical training.

GRANTED.

**F. Pugel's testimony as to the reasonableness of the force used**

As stated above, Pugel may testify with respect to the appropriateness of the force used, but may not express his opinion in terms of whether the force used was "reasonable."

Plaintiff also argues that there is no factual basis for Pugel's opinion that the use of force was reasonable. Fed. R. Evid. 702(b). Pugel indicated in his report that he reviewed plaintiffs' complaint, various written discovery, officer reports, and the deposition of Detective Laird. Dkt. # 116-1 at 4, 7. Pugel testified that he reviewed these materials prior to writing his report and relied on this evidence in formulating his opinion. Dkt. # 116-2 at 23 (Ex. B to Fiorito Decl., Pugel Depo. at 85:6-12, 86:19-88:14). The court believes this is sufficient factual data to allow Pugel to testify as an expert. Nevertheless, plaintiff may cross-examine Pugel regarding exactly which documents and/or depositions he reviewed and which documents and/or depositions he did not review in formulating his opinions. The court expects that Pugel will have

refreshed his recollection as to the underlying facts that support his conclusions before trial.

**G. Any reference to any use of force by plaintiff's expert witnesses that occurred prior to 1989 US Supreme Court decision in Graham v. Connor.**

Plaintiff seeks to exclude any reference to use of force standards prior to *Graham v. Connor* as irrelevant. Defendants argue that if, for some reason, historical use of force practices become relevant at trial, Pugel should be permitted to testify to them. Dkt. # 118 at 9. The court will not rule as to potential, hypothetical testimony. Defendants have not offered any relevance as to the use of force standards that pre-date *Graham v. Connor*.

GRANTED. Fed. R. Evid. 401.

**H. Evidence of Social Drinking or Smoking**

Defendants agree not to present evidence of plaintiff's social drinking or smoking "unless such evidence is relevant to any medical testimony or claimed injury." Dkt. # 118 at 10. Defendants have not demonstrated that such evidence is relevant.

GRANTED. Fed. R. Evid. 401.

**I. Other miscellaneous items of potentially improper impeachment**

Plaintiff seeks to exclude evidence of an arrest by the Auburn Police and his lawsuit against the City of Auburn as 404(b) evidence. Dkt. # 115 at 8. The court agrees that this evidence is impermissible Rule 404(b) evidence. Fed. R. Evid. 404(b).

However, defendants argue that evidence of plaintiff's Auburn arrest is relevant, not as 404(b) evidence, but because his interactions with the police during this subsequent event are much more likely to be causing any post-traumatic stress symptoms related to law enforcement if plaintiff is claiming that his false arrest from this case is causing him emotional harm beyond the date of the second arrest. Dkt. # 118 at 10. However, defendants have not identified any expert testimony that could assess whether

the second incident is "much more likely" to be causing any post-traumatic stress symptoms than the first arrest.

Although the court believes that the second incident is relevant to plaintiff's claimed damages of emotional harm, the court believes that the probative value is substantially outweighed by the danger of unfair prejudice to plaintiff and confusing the jury. Fed. R. Evid. 401, 402 & 403.

**J. Any other arrests that did not result in a conviction**

The parties know of no other arrests or convictions. Accordingly, this motion is unnecessary.

**K. Any claim or suggestion that the individual defendants will be personally liable for compensatory damages or punitive damages.**

Defendants do not oppose this motion as it pertains to an award of compensatory damages. However, defendants argue that "punitive damages are not necessarily covered under the terms of the policy." Dkt. # 118 at 11. Defendants have not provided the court with the insurance policy or represented affirmatively that punitive damages are not covered. The parties are ORDERED to review the policy and meet and confer regarding whether punitive damages are covered under the insurance policy no later than February 17, 2014. If the parties disagree, the parties must provide the court a copy of the insurance policy, and any other relevant documentation, no later than February 19, 2014, and may provide oral argument at the pre-trial conference.[4]

GRANTED as to compensatory damages. The court will rule as to punitive damages after the pre-trial conference.

---

[4] It is unclear to the court why plaintiff has cited to Washington State law. Federal procedural rules apply, as does Federal substantive law on plaintiff's remaining section 1983 claim.

**L. Attorney's fees and employment arrangements**

    Defendants do not oppose. GRANTED. This ruling applies to all parties.

**M. Sexual orientation**

    Defendants do not oppose. GRANTED. This ruling applies to all parties.

**N. Undisclosed witnesses and other undisclosed evidence**

    Defendants do not oppose. GRANTED. This ruling applies to all parties.

**O. Referral to doctor or counselor**

    Plaintiff seeks to exclude evidence that plaintiff's attorney or someone else recommended that plaintiff consult a particular physician or counselor, or relating to the attorney's acquaintanceship or any other aspect of a relationship between plaintiff's attorney and a physician or counselor called as a witness. Dkt. # 115 at 12. Plaintiff has not cited legal authority in the relevant jurisdiction.

    DENIED. Fed. R. Evid. 401 & 402.

**P. Evidence of unrelated medical conditions or accidents**

    Plaintiff admits that he does not know what medical conditions or records defendants intend to propose as evidence. Plaintiff should make applicable objections at the appropriate time.

    DENIED.

**Q. Any testimony by counsel or comments on witness testimony (except closing argument)**

    Defendants do not oppose. GRANTED. This ruling applies to all parties.

**R. Demands for requests before the jury**

    It is unclear to the court what plaintiff seeks to exclude. Plaintiff may make all appropriate objections during trial.

    DENIED.

**S. Presentation of the motion in limine**

Defendants do not oppose. GRANTED. This ruling applies to all parties.

### III. CONCLUSION

For all the foregoing reasons, the court GRANTS in part and DENIES in part the parties' motions *in limine*. Additionally, given the complexity of this case, the court changes the deadline for submission of the parties' proposed jury instructions. The parties shall submit their proposed jury instructions no later than February 19, 2014, pursuant to Local Civil Rule 51. The court advises the parties that where a Ninth Circuit Pattern Instruction exists, the court rarely alters it absent sufficient justification and supporting legal authority. The court also advises the parties that unless the parties provide persuasive reasoning why a court should apply the law of another Circuit, the court will disregard any legal authority from other Circuits or State law. The pre-trial conference shall be held at 4:00 p.m. on Wednesday, February 26, 2014.

Dated this 17th day of January, 2014.

The Honorable Richard A. Jones
United States District Judge